**BRICKLAYERS' LOCAL UNION NO. 8 PENSION FUND, Plaintiff,**

**Bricklayers' Local Union No. 8 Health and Welfare Fund, Plaintiff-Appellee,**

v.

**MASONRY CONTRACTORS, INC., Defendant-Appellant.**

No. 82–8691.

United States Court of Appeals, Eleventh Circuit.

Dec. 12, 1983.

J. Michael Lamberth, Atlanta, Ga., for defendant-appellant.

Robert H. McKnight, Jr., Atlanta, Ga., for plaintiff-appellee.

Before HILL and CLARK, Circuit Judges, and LYNNE *, District Judge.

PER CURIAM:

Appellant, Masonry Contractors, Inc. (hereinafter "Masonry"), appeals from an award of auditing fees following appellees' successful suit under the Employee Retirement Income Security Program ("ERISA"), 29 U.S.C. § 1132(a)(3).

Plaintiffs/appellees, three employee benefit funds and their boards of trustees (hereinafter "Board"), brought an action to audit appellant's payroll records and to obtain an accounting of all funds allegedly due to the trust, as well as costs of the audit and attorneys' fees. The Board succeeded in that action, and the trial court found that Masonry had made an underpayment to the trust funds. Based upon the auditor's time sheets and the detailed investigation results, the trial court also found that appellees were entitled to accountants' fees in the amount of $4,955 to cover the costs of the audit. At issue is whether the

* Honorable Seybourn H. Lynne, U.S. District Judge for the Northern District of Alabama, sitting by designation.

district court erred in granting the auditing fees.

The district court found both contractual (the trust agreements) and statutory (29 U.S.C. § 1132(g)) authorization for an award of auditing fees in the instant case. Former § 1132(g) [1] provided:

> In any action under this subchapter by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and *costs of action* to either party.

29 U.S.C. § 1132(g) (1974), Pub.L. 93–406, title I, § 502, 88 Stat. 891, (emphasis supplied) (amended 1980). The court found that "costs" under ERISA's fee authorization provision envisaged auditing fees. Record (hereinafter "R") at 484. While the costs of the accountants' actual court appearances probably would be "costs" under § 1132,[2] we have some doubt as to whether the "field" and "clerical" work connected with the audit is compensable as "costs." We need not determine whether such auditing costs are within the ambit of § 1132, however, because a contractual basis for an award of these costs clearly exists. Article V, § 5.9 of the Pension Fund Agreement, dealing with the powers of the Trustees, provides that the Trustees are empowered:

> [T]o have the Fund's Auditor inspect and audit, at the expense of the Fund, the payroll records of any Employer ... to the extent necessary to determine whether the proper contributions required to be made to the Fund have been made; and *at the sole discretion of the Board in the event an underpayment is found to exist,* to charge the Employer all or a portion of the expense of the audit.

R. Vol. 1 at 65 (emphasis added). We find that the appellees were within the bounds of their discretion in assessing the costs of the audit against appellant because an underpayment was found to exist. Therefore, the trial court committed no error in awarding auditing fees to the appellees. Accordingly, the judgment below is

AFFIRMED.

---

1. In 1980, 29 U.S.C. § 1132(g) was amended to make the award of certain litigation costs to a fund mandatory. Multi-Employer Pension Plan Amendments Act of 1980, Pub.L. 96–364, title III, § 306(b)(2), 94 Stat. 1295, codified at 29 U.S.C. § 1132(g)(2)(D) (Supp. V 1981). Appellees have argued that this amendment applies to the instant case, citing *Central States, Southeast, etc. v. Alco Express Co.,* 522 F.Supp. 919 (E.D.Mich.1981). Appellees' Brief at 23. We do not address the retroactivity of this amendment because (1) our holding is based upon the contractual authorization of auditing fees, not § 1132(g) and (2) to the extent that we do discuss the statute, our discussion focuses only on interpretation of "costs of the action," rather than the discretionary versus mandatory issue.

2. The Time and Billing Report attached to the Board's Application for Accounting Fees indicates that $310 of the $4,955 auditing fee was for a total of 11½ hours of court appearances by two accountants. R. at 534 (Exhibit A).