Richard A. McCURDY, Jr., et al.

v.

NET CONSTRUCTION, INC.

No. CIV. A. 00–109.

United States District Court,
E.D. Pennsylvania.

June 27, 2001.

Timothy R. Hough, Jaffe & Hough, Philadelphia, PA, for Defendants.

Nancy L. Goldstein, Merion, PA, for Plaintiffs.

## MEMORANDUM

ROBERT F. KELLY, District Judge.

This action is brought by the Trustees of the Labor District Council Benefit Fund. It is based on the Collective Bargaining Agreement, the Labor Management Relations Act, and ERISA. Under the Collective Bargaining Agreement, the employer, Net Construction, Inc., (hereinafter "Net" or "Defendant") had an obligation to make contributions to the Benefit Fund on the basis of hours of covered employment performed by union laborers within the meaning of the Agreement.

Plaintiffs' claim is composed of the following: (1) recovery of undisputed unpaid benefits for Net employees; (2) recovery of unpaid benefits for William Penn/Chester Housing Authority Laborers; (3) recovery of unpaid benefits for Timothy Mahney; (4) claims for interest, counsel fees and liquidated damages. Net has filed a counterclaim for benefits which it alleges were improperly paid on behalf of Timothy Mahney.

From the testimony at trial and the deposition submitted, the Court makes the following

## FINDINGS OF FACT

1. Defendant Net Construction, Inc. ("Net") and Plaintiff Union were parties to a Collective Bargaining Agreement in the form reflected by Plaintiffs' Exhibit '1 which was in effect during the period of January 1, 1997 through April 30, 1999. (Deposition of James Harper, p. 48).

2. The Defendant Net agreed to abide by the terms of the agreements and declarations of trust of the Plaintiff Funds ("Trust Agreements"). (P–1, pp. 12–15).

3. Under the Labor Contract or Trust Agreements, Defendant agreed to make full and timely payments on a monthly basis to the Funds, Union and Industry Advancement Program as required by the Labor Contracts on behalf of all individuals covered by the agreement and to pay liquidated damages and all costs of litigation, including attorney fees, expended by the Funds and Union to collect any amounts due as a consequence of the Company's failure to comply with its obligations. (P–1, pp. 12–19).

4. Plaintiffs and Defendant agree that Defendant is indebted to the Laborers' Funds for unpaid contributions due (including contributions for Roberto Mendez) in the amount of $28,785.13. (Stipulation of the Parties, ¶ 1).

5. The Philadelphia Laborers' District Council and its constituent unions did not make any agreement with Net or any other party to compensate the William Penn/Chester Housing Authority Project employees in a manner different than specified in P–1. (Deposition of James Harper 48–49).

6. The total unpaid contributions applicable to the William Penn/Chester Housing Authority employees is $14,753.02. (Stipulation of the Parties, ¶ 3).

7. Beginning July 1997 through March 1999, Net regularly remitted contributions to the Laborers' Funds and Union on behalf of Timothy Mahney. A total of 3123.50 hours were reported by Net. (N.T. 65).

8. Plaintiffs and Defendant agree that the total amount of contributions made by Defendant to Plaintiffs on behalf of Timothy Mahney is $35,440.38. (Stipulation of the Parties ¶ 2).

9. Net consistently identified Timothy Mahney as a laborer in remittance forms signed on its behalf and remitted contributions for Mahney for a period of twenty-one months.

10. Net paid Timothy Mahney the laborers' rate of pay between July 1997 and March 1999. (N.T. 40, 90, P–8).

11. Timothy Mahney became a member of the Operating Engineers Union in the Spring of 1999. (N.T. 26).

12. Net made no contributions to the Operating Engineers Union or Funds on behalf of Timothy Mahney between July 1997 through march 1999. (N.T. 46, 92–93).

13. In the course of his employment for Net between July 1997 and March 1999, Mahney engaged in work activities defined as laborers' work in P–1 including loading and unloading trucks, operating jackhammers, stripping concrete, handling lumber and other concrete materials and shoveling asphalt. (N.T. 37, 50–52, P–1 at pp. 35–37).

14. In May 2000, Net provided Plaintiffs' representatives with a signed statement representing Mahney worked for Net as a subcontractor between July 1997 and March 1999. (P–6, N.T. 98).

15. On October 17, 2000, Net provided Plaintiffs' representatives with an affidavit from Mahney representing he was a sub-contractor for Net between July 1997 and March 1999. (P–7, N.T. 98).

16. Net's payroll records reveal Mahney as an employee between July 1997 and March 1999 for whom taxes and other applicable deductions were withheld. (P–8).

17. An individual who has performed "laborers work" for an employer that has signed a collective bargaining agreement is eligible to receive benefits from the laborers' funds irrespective of union membership. (deposition of Kevin Gale p. 6).

18. Plaintiffs are entitled to unpaid contributions for Timothy Mahney in the amount of $5,118.75 for work performed by Mahney from may 1, 1998 to April 30, 1999.

19. Interest on unpaid contributions through June 15, 2001 is $17,345.30.

20. Plaintiffs incurred audit fees in the amount of $2,800.00. (P–3).

21. Plaintiffs are entitled to legal fees and expenses of $10,000.00 through June 15, 2001.

22. The contributions made by Net on behalf of Timothy Mahney between July 1997 and March 1999 did not result from a mistake.

## CONCLUSIONS OF LAW

1. Defendant Net Construction Company violated Section 515 of ERISA, 29 U.S.C. § 1145 with respect to its failure to pay benefits as set forth in P–3.

2. Net is obligated to pay the benefit rate governed by the collective bargaining agreement for the laborers working on the William Penn Project.

3. Plaintiffs are entitled to recover interest, liquidated damages, counsel fees and costs, and audit fees pursuant to the collective bargaining agreement, 29 U.S.C. § 1132(g)(2). (*See also Bricklayers' Local*

*Union No. 8 Pension Fund v. Masonry Contractors,* 721 F.2d 326 (11th Cir.1983) on recovery of audit fees).

4. Timothy Mahney performed "covered employment" within the meaning of the collective bargaining agreement as an employee of Net between July 1997 and March 1999.

5. Net did not make a mistaken overpayment of benefits on behalf of Tim Mahney.

6. Net is not entitled to a refund or credit of payments paid to the Plaintiff Funds on behalf of Tim Mahney.

## ORDER

AND NOW, this 27th day of JUNE, 2001, JUDGMENT is hereby entered in favor of Plaintiffs and against Defendant in the total sum of $78,802.10.

As to the counterclaim of Net Construction, Inc., JUDGMENT is entered in favor of Counterclaim Defendants Richard McCurdy, Jr., et al. and against Counterclaim Plaintiff Net Construction, Inc.